



**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

> Application **DENIED**.  "Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (cleaned up).  That Defendants plan to assert "that the Complaint lacks viable claims and Defendants' motion will rest on a solid foundation in law" is essentially a statement that Defendants intend to file a motion to dismiss.  Defendants' letter contains no statement as to why a stay is appropriate in *this* case.  *See id.* ("A court determining whether to grant a stay of discovery . . . must look to the particular circumstances and posture of each case.").  Defendants state that Plaintiff does not consent to the stay of discovery but does consent to the adjournment, *sine die*, of the initial conference and proposed case management plan.  Such adjournment would have the effect of staying discovery.  *See* Fed. R. Civ. P. 26(d)(1), 26(f)(1)-(2).  If Plaintiff does in fact consent to the stay of discovery, Defendants may file a renewed letter motion seeking a stay.  So Ordered.
>
> The Clerk of Court is respectfully directed to close the motion at Dkt. No. 11.

**VIA ECF**
Honorable Dale E. Ho
Southern District of New York
500 Pearl Street
New York, NY 10007

Dale E. Ho
United States District Judge
Dated: December 7, 2023
New York, New York

     Re:  <u>Chinchilla v. New York City Police Department et al</u>
           1:23-cv-08986-DEH

Dear Judge Ho:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney for Defendants. I write to respectfully request a stay in discovery and an adjournment *sine die* in the December 20, 2023 Initial Conference and the December 13, 2023 submission deadline for the Joint Proposed Case Management Plan, pending the resolution of Defendants' motion to dismiss. This is the first request for a stay in discovery and a modification of the schedule.  Plaintiff opposes the stay in discovery, but consents to the proposed adjournment of the conference and submission of the Case Management Plan.

     **A.**  <u>Procedural History</u>

      On November 15, 2023, the Court issued an Order granting Defendants' request to extend the time to respond to the Complaint from November 16, 2023, to January 2, 2024, adjourning the initial pretrial conference to December 20, 2023, and requiring parties to submit the Joint Proposed Case Management Plan by December 13, 2023.

     **B.**  <u>Basis for Stay and Adjournment</u>

      Defendants assert that a stay in discovery is warranted, given the motion to dismiss. Pursuant to Fed. R. Civ. P. 26(c), courts have discretion to stay discovery for good cause pending the outcome of a fully dispositive motion to dismiss. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Courts in this circuit "have routinely held that a stay of discovery is appropriate 'pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or . . . does not appear to be without foundation in law.'" *King v. City of New York*, 2014 U.S. Dist. LEXIS 140790, at *17 (E.D.N.Y.Sept. 30, 2014) (quoting *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434

1

(S.D.N.Y.2002)). In determining whether to stay discovery, courts consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Kanowitz v. Broadridge Fin. Solutions, Inc*., 2014 U.S. Dist. LEXIS 46518, at *15-16 (E.D.N.Y.Mar. 31, 2014). As applied to this case, no requests have been exchanged, so the second factor is not yet at issue, but each of the other two factors favors a stay of discovery.

Defendants will assert in their moving papers in support of the pending motion to dismiss, that the Complaint lacks viable claims and Defendants' motion to dismiss will rest on a solid foundation in law. See ECF Dkt. No. 21. Accordingly, a stay of discovery is appropriate. *See O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418(S.D.N.Y. Apr. 26, 2018) (staying discovery where defendants "made a strong showing that they are likely to succeed on their motion to dismiss"); *Telesca v. Long Island Hous. P'ship, Inc*., 2006 U.S. Dist. LEXIS 24311, at *4 (E.D.N.Y. Apr. 27, 2006) (staying discovery where defendants' motion raised "substantial issues with regard to the viability of plaintiffs' complaint"); *Johnson*, 205 F.R.D. at 434 (staying discovery where defendants' motion was "potentially dispositive," did not appear unfounded in law, and would potentially "obviate the need for burdensome discovery"). Moreover, even if Defendants' motion is granted only in part, the parties will still benefit by a stay in discovery. *Chesney*, 236 F.R.D. at 116 ("[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated"). Thus, Defendants respectfully assert, engaging in discovery may unnecessarily consume judicial resources if the Court ultimately grants Defendants' Rule 12(b)(6) motion to dismiss.

Finally, a stay of discovery presents no risk of unfair prejudice. A delay will not result in any loss of evidence, nor will it increase difficulties of discovery, and delay alone does not constitute prejudice. *See, e.g., Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983); *O'Sullivan*, 2018 U.S. Dist. LEXIS 70418, at *30 ("the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").

In sum, Defendants respectfully request that the Court stay discovery and adjourn the Initial Conference and the submission deadline for the Joint Proposed Case Management pending resolution of the motion to dismiss.  Plaintiff consents to the last two items.

I thank the Court for its consideration of these requests.

Respectfully submitted,

/s/ *Marina Sukonnik*
Marina Sukonnik
Assistant Corporation Counsel

CC: Christina Martinez Esq., by ECF & Email