UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY CHINCHILLA,<br><br>                              Plaintiff,<br><br>              v.<br><br>NEW YORK CITY POLICE DEPARTMENT, et al.,<br><br>                              Defendants. | 23 Civ. 8986 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On May 13, 2024, Plaintiff filed a letter motion seeking a conference regarding fifteen discovery disputes. *See* ECF No. 38. On May 20, 2024, Defendants filed a letter in response. *See* ECF No. 41.

It is hereby **ORDERED** that Plaintiff's request for a conference is **DENIED**, without prejudice to renewal. The Court also construes Plaintiff's letter as requesting an order compelling production of various documents. That request is **GRANTED IN PART and DENIED IN PART,** as laid out below. To the extent that Plaintiff would like to renew any of the requests denied without prejudice in this order, the parties shall meet and confer in good faith regarding the relevant request. To the extent that, after the parties meet and confer, disputes remain in need of judicial resolution, Plaintiff may renew her motion for a conference in a letter motion. To allow the Court to resolve the parties' disputes, any renewed letter motion shall include a copy of the request for production and the opposing side's corresponding response. The parties shall also provide information, as necessary, to determine whether materials are being withheld appropriately on the basis of attorney-client or work product privilege (including, at a minimum, a privilege log); whether confidentiality concerns outweigh the relevance of any

documents to Plaintiff's claims; whether the universe of responsive materials is proportionate to the needs of the case; and so on. Regarding specific discovery disputes:

1. The parties may file a stipulated protective order for so ordering at their convenience, so as to allow for the production of the Citywide Panel Voting Spreadsheet and the search results across Plaintiff's email inbox (Pl.'s Requests No. 1 & 3).

2. Plaintiff's request for an order compelling production of documents regarding Plaintiff's request for a religious accommodation and Defendants' processes and policies for making determinations on religious accommodations to the citywide vaccine mandate is granted. These documents are relevant to the case and there is no indication that production of documents specific to Plaintiff's accommodation request and regarding general policies would be burdensome. Defendants must produce these documents to the extent such documents are not otherwise privileged. (Pl.'s Request Nos. 4, 13, & 15)

3. Plaintiff's request for an order compelling production of information regarding other employees who were granted religious accommodations is denied, without prejudice to renewal. This information may be relevant to the case, though the universe of responsive documents is likely large enough to make production disproportionate to the needs of the case. By their nature, these materials also implicate the confidentiality interests of third parties. To the extent that Plaintiff has a good faith basis to allege differential treatment due to her membership in a certain religious sect or that other similarly situated employees were granted accommodations without any undue hardship to Defendants, she may seek production of documents regarding other employees relevant to these allegations. However, Plaintiff's letter indicates that her

request as currently articulated is overbroad and would likely pose a disproportionate burden on Defendants to respond.  If Plaintiff would like materials related to other employees' accommodation requests, the parties may meet and confer in good faith to identify a reasonable universe of documents responsive to Plaintiff's request in accordance with this order.  (Pl.'s Request No. 5)

4. Plaintiff's request for an order compelling production of summary information on the number of employees who were terminated or placed on leave without parole due to the City's vaccine mandate, who continued working without vaccination or receiving a reasonable accommodation, who were allowed to submit weekly PCR testing, and who requested and were granted or denied accommodations is denied without prejudice.  On the face of the parties' letters, there is no basis to conclude that compiling these statistics for *all* municipal employees would be proportional to the needs of the case.  However, the extent that Plaintiff limits her request to some universe of employees that are similarly situated to Plaintiff, this information may be relevant to Plaintiff's claims, and given that Plaintiff requests information in summary format, production may be proportionate to the needs of the case.  The parties may meet and confer regarding this request.  (Pl.'s Request Nos. 6 - 9).

5. To the extent that Plaintiff seeks an order compelling production of documents regarding "the connection between abortion and COVID-19 vaccination," her request is denied, as the request for production is vague and overbroad.  Plaintiff's request for an order compelling production of documents regarding the use of aborted fetal cell lines in COVID-19 vaccination that were provided to reviewers of religious accommodation requests is granted.  To the extent that any such documents exist,

they may be probative to the understanding of Defendants' personnel reviewing her religious accommodation request and Defendants' stated reason for denying the accommodation (i.e., that Plaintiff purportedly did not sufficiently set forth how her religious beliefs conflict with the vaccine requirement), *see* Compl. ¶ 67, making them relevant to Plaintiff's claims. (Pl.'s Request No. 10)

6. Plaintiff's request for an order compelling production of documents showing the costs associated with any alternative accommodation proposed by Plaintiff is denied, without prejudice to renewal. Although these documents are relevant to the extent that they indicate whether such accommodation posed an undue hardship on Defendants, on the parties' letters, it is unclear whether production of documents in the form requested by Plaintiff is proportionate to the needs of the case. The parties may meet and confer regarding this request. (Pl.'s Request No. 11)

7. Plaintiff's request for an order compelling production of "[a]ny settlements entered into between the City and any City Workers with regard to the Vaccine Mandate" is denied. This request is overbroad and disproportionate to the needs of the case and likely to implicate confidential information of third-parties. (Pl.'s Request No. 12)

8. Plaintiff's request for an order compelling production of all employment-related documents relevant to individuals who decided Plaintiff's accommodation request is granted in part and denied in part. Defendant shall produce information relevant to complaints against these individuals alleging religious discrimination, but the remaining categories of documents that Plaintiff requests are overbroad and disproportionate to the needs of the case. (Pl.'s Request No. 14)

The Clerk of Court is respectfully directed to close the motion at ECF No. 38.

SO ORDERED.

Dated: May 23, 2024
       New York, New York

                                           DALE E. HO
                                 United States District Judge