UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY CHINCHILLA,

       Plaintiff,

   v.

CITY OF NEW YORK,

       Defendant.

23 Civ. 8986 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

On July 30, 2024, Plaintiff filed a letter motion seeking a conference regarding discovery disputes. *See* ECF No. 48. On August 6, 2024, Defendant filed a letter in response. *See* ECF No. 50.

It is hereby **ORDERED** that Plaintiff's request for a protective order in the form she requests is **DENIED**. Plaintiff objects to Defendant's request for a protective order that allows it to "unilaterally designate any document as confidential." Such a provision is commonplace, and Plaintiff does not provide sufficient reason to conclude that Defendant will abuse its discretion in marking documents as confidential. Further, even if it did so, that a party deems a document confidential does not mean the document must be treated as such if it is introduced in connection with summary judgment or at trial. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents."). Plaintiff's statement that all documents produced in discovery are subject to a presumption of public access as judicial documents is incorrect as a matter of law. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("Documents that are never filed with the court, but simply passed between the parties in discovery, lie entirely beyond the presumption [of public access]."). Accordingly, Plaintiff's request for the limited protective order she seeks is denied. The parties may file a stipulated

protective order in accordance with model orders in this District at their convenience for so ordering.

It is further **ORDERED** that Plaintiff's request for an order compelling production of certain categories of documents (communications related to religious accommodation requests and criteria, documents regarding the use of aborted fetal cell lines in COVID-19 vaccination, and information on complaints alleging discrimination against the individuals who reviewed Plaintiff's request) is **GRANTED IN PART**.

As a threshold matter, Defendant's argument that information about other NYPD employees' requests for accommodations is not discoverable because it is not relevant fails, because this information is potentially relevant to Plaintiff's punitive damages demand. An Opinion and Order issued July 12, 2024, dismissed all claims except Plaintiff's claims for failure to accommodate under the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL"). *See* ECF No. 47. As articulated in the Opinion and Order issued July 12, 2024, these claims require a plaintiff to show that "(1) he has a bona fide religious belief conflicting with an employment requirement; (2) he informed the employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement." *Id.* at 14. If a plaintiff does so, the burden shifts to the employer to prove that it is unable to accommodate the employee's sincerely held religious belief without undue hardship. *Id.* at 19. In the FAC, Plaintiff seeks punitive damages on her NYSHRL and NYCHRL claims. *See* FAC ¶¶ 255 (NYSHRL), 278 (NYCHRL). Under the NYCHRL, "a plaintiff is entitled to punitive damages where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 30 N.Y.3d 325, 329

(N.Y. 2017).  A request for information relevant to other employees' denial of religious exemptions is reasonably calculated to lead to information that could show, e.g., the willfulness of Defendant's conduct, and thus is relevant.  *See* Fed. R. Civ. P. 26(b)(1).

Defendant also objects on grounds of lack of a protective order.  Due to the nature of some of the materials at issue—internal employment records regarding requests for religious accommodations—a protective order preserving the confidentiality of these records and limiting their use in unrelated litigation is appropriate.  Following the filing of a stipulated protective order, the parties shall meet and confer regarding appropriate ESI search parameters to identify a universe of responsive materials, production of which is proportional to the needs of the case.

It is further **ORDERED** that Plaintiff's request for an order compelling Defendant to produce Eric Eichenholtz and Michael Melocowsky for depositions is **DENIED**, without prejudice to renewal.  On the parties' letters, it is unclear whether depositions of these two witnesses is appropriate under the apex doctrine and proportional to the needs of the case.  *Cf. Morrison v. Scotia Cap. (USA) Inc.*, No. 2024 WL 3316086, at *2 (S.D.N.Y. June 7, 2024) ("[C]ourts often require parties to depose lower-level executives before seeking or taking depositions of high-level executives . . . .  Absent a showing that the executive has unique evidence, personal knowledge of the claims at issue, and other witnesses [are] incapable of providing testimony about the conduct alleged, the executive is safeguarded from being deposed.").  Following the deposition of Jordan Farnham and, as appropriate, further document discovery, Plaintiff may renew her request to take the depositions of Eichenholtz and Melocowsky if she is able to make the required showing.

The Clerk of Court is respectfully directed to close the motion at ECF No. 48.

SO ORDERED.

Dated: August 9, 2024
       New York, New York

                                                               DALE E. HO
                                        United States District Judge