

**THE CITY OF NEW YORK
LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

Marina Sukonnik
Labor and Employment Law Division
phone: (212)-356-4015
email: msukonni@law.nyc.gov

September 27, 2024

**BY EMAIL**
Christina Martinez, Esq.
245 Bricktown Way, Suite J
Staten Island, New York 10309
christinamartinezesq@gmail.com

Re: Chinchilla v. City of New York, et al.
Civil Action No.: 1:23-cv-08986-DEH

Dear Ms. Martinez:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York. As you know, I represent the City of New York ("Defendant") in the above-referenced matter. I write in response to Plaintiff's Notice of a Rule 30(b)(6) Deposition for multiple subject areas, dated September 13, 2024, to which Defendant objects as set forth below. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, this letter is written in a good faith attempt to resolve any discovery disputes without requiring the Court's intervention.

## DEPOSITION TOPICS

**Subject Matter (1)**

The reasonable accommodation process for the Vaccine Mandate, including the steps involved for this and decision-making criteria.

**Objection to Subject Matter (1)**

Defendant objects to Subject Matter (1) on the grounds that it is overbroad and unduly burdensome, and thus disproportionate to the needs of the case, and is not stated with reasonable particularity. Consistent with, and without waiving, the foregoing objections, Defendant has agreed that it will produce Eric Eichenholtz on October 9, 2024 to testify as a Rule 30(b)(6) witness about the Citywide Panel's appellate review of the facts Plaintiff provided to the Citywide Panel in her appeal and to how the appeal was analyzed and the decision was reached.

- 1 -

**Subject Matter (2)**

The role of the Citywide Panel.

**Objection to Subject Matter (2)**

Defendant objects to Subject Matter (2) on the grounds that it is overbroad and is not stated with reasonable particularity. Consistent with, and without waiving, the foregoing objections, Defendant has agreed that it will produce Eric Eichenholtz on October 9, 2024 to testify as a Rule 30(b)(6) witness about the Citywide Panel's role as an appellate body reviewing the denials of requests for reasonable accommodation related to the Vaccine Mandate.

**Subject Matter (3)**

The criteria used by the Citywide Panel to determine eligibility for a religious accommodation, including how those criteria are applied in practice.

**Objection to Subject Matter (3)**

Defendant objects to Subject Matter (3) on the grounds that it is overbroad, is not stated with reasonable particularity, and is duplicative of subject matter (1). Consistent with, and without waiving, these objections, Defendant has agreed that it will produce Eric Eichenholtz on October 9, 2024 as a Rule 30(b)(6) witness to testify about the Citywide Panel's appellate review of the facts Plaintiff provided to the Citywide Panel in her appeal and to how the appeal was analyzed and the decision was reached.

**Subject Matter (4)**

Consideration of religious objections to the COVID-19 vaccine, specifically those based on the use of aborted fetal cell lines in vaccine development or testing.

**Objection to Subject Matter (4)**

Defendant objects to Subject Matter (4) on the grounds that it is overbroad, is not stated with reasonable particularity, and is duplicative of subject matter (1). Consistent with, and without waiving, the foregoing objections, Defendant has agreed that it will produce Eric Eichenholtz on October 9, 2024 as a Rule 30(b)(6) witness to testify about the Citywide Panel's appellate review of the facts regarding Plaintiff's religious objection to the COVID-19 vaccine and whether receiving the vaccine was consistent with how Plaintiff articulated that she practiced her religious belief.

**Subject Matter (5)**

The number of NYPD employees who were granted or denied religious accommodations by the Citywide Panel, along with the factors that led to these decisions.

**Objection to Subject Matter (5)**

Defendant objects to Subject Matter (5) on the grounds that it is overbroad and unduly burdensome and, thus, disproportionate to the needs of the case, and is not stated with

reasonable particularity. Defendant further objects to Subject Matter (5) on the grounds that this request seeks testimony that is duplicative of other discovery sought by Plaintiff and was produced, or to be produced, by Defendant. Defendant further objects to Subject Matter (5) as not relevant to Plaintiff's anticipated motion for summary judgment for her Failure to Accommodate claim. Accordingly, Defendant will not be producing a Rule 30(b)(6) witness to testify about Subject Matter (5).

**Subject Matter (6)**

The review and handling of the Plaintiff's appeal to the Citywide Panel, including what materials were considered and the process of evaluation.

**Objection to Subject Matter (6)**

Defendant objects to Subject Matter (6) on the grounds that it is overbroad and is not stated with reasonable particularity. Consistent with, and without waiving, these objections, Defendant has agreed that it will produce Eric Eichenholtz on October 9, 2024 to testify as a Rule 30(b)(6) about the Citywide Panel's appellate review of the records concerning Plaintiff's appeal.

**Subject Matter (7)**

The Citywide Panel's deliberation and final decision on the Plaintiff's request for a religious accommodation, including the reasoning behind the denial and the votes cast by panel members

**Objection to Subject Matter (7)**

Defendant objects to Subject Matter (7) on the grounds that it is duplicative of subject matters (1), (3), (4), and (6), and overly broad. Consistent with, and without waiving, these objections, Defendant has agreed that it will produce Eric Eichenholtz on October 9, 2024 as a Rule 30(b)(6) witness to testify about his interpretation of the Citywide Panel records concerning Plaintiff's appeal and to explain the rationale and analysis of three Citywide Panel members who made decisions on Plaintiff's appeal.

**Subject Matter (8)**

The concept of undue hardship as applied in decisions to grant or deny reasonable accommodations, including what constitutes a significant cost or burden to the City

**Objection to Subject Matter (8)**

Defendant objects to Subject Matter (8) on the grounds that it is overly broad, vague and ambiguous, and seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of Defendant. Consistent with, and without waiving, these objections, Defendant has agreed that it will produce Eric Eichenholtz on October 9, 2024 as a Rule 30(b)(6) witness to testify about his interpretation of the concept of undue hardship and to how it was relevant to Plaintiff's appeal.

**Subject Matter (9)**

The reasonable accommodations offered to employees who were granted a religious exemption, including any adjustments to their work duties or schedules

**Objection to Subject Matter (9)**

Defendant objects to Subject Matter (9) on the grounds that it is overly broad and unduly burdensome and therefore disproportionate to the needs of the case, and is not stated with reasonable particularity. To the extent Subject Matter (9) seeks testimony as to what reasonable accommodations were granted to NYPD employees, that topic is not within the scope of 30(b)(6) deposition agreement between the parties in this case. Accordingly, Defendant will not be producing a Rule 30(b)(6) witness to testify about Subject Matter (9).

**Subject Matter (10)**

The lifting of the Vaccine Mandate.

**Objection to Subject Matter (10)**

Defendant objects to Subject Matter (10) on the grounds that it is overly broad and unduly burdensome and therefore disproportionate to the needs of the case, and is not stated with reasonable particularity. Defendant further objects to Subject Matter (10) on the grounds that it is not relevant to Plaintiff's remaining Failure to Accommodate claim. Consistent with, and without waiving, these objections, Defendant will produce a copy of the Order Of The Board Of Health To Amend The Requirement For Covid-19 Vaccination For City Employees And Employees Of Certain City Contractors Order lifting the Vaccine Mandate as part of the discovery in this case, but will not produce a Rule 30(b)(6) witness to testify about Subject Matter (10).

If you have any questions or concerns, do not hesitate to contact me at (212) 356-4015. Your anticipated cooperation is appreciated.

Sincerely,

*Marina Sukonnik*

Marina Sukonnik
Assistant Corporation Counsel