SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------- x

POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., on behalf of its members, PATRICK J. LYNCH, as President of the Police Benevolent Association of the City of New York, Inc.

                      Plaintiffs-Petitioners,

-against-

BILL DeBLASIO, in his official capacity as Mayor of the City of New York, DAVE A. CHOKSHI, in his official capacity as Health Commissioner of the City of New York, DAWN PINNOCK, in her official capacity as Acting Commissioner of the Department of Citywide Administrative Services, ANNABEL PALMA, in her official capacity as Chair of the New York City Commission on Human Rights, DERMOT SHEA, in his official capacity as Police Commissioner of the City of New York, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY BOARD OF HEALTH, NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, NEW YORK CITY COMMISSION ON HUMAN RIGHTS and NEW YORK CITY POLICE DEPARTMENT,

                      Defendants - Respondents.
------------------------------------------------------------------- x

**AFFIDAVIT OF MICHAEL MELOCOWSKY IN OPPOSITION TO PLAINTIFFS-PETITIONERS' APPLICATION FOR A PRELIMINARY INJUNCTION**

Index No. 160674/2021

      **MICHAEL MELOCOWSKY**, an attorney admitted to practice before the Courts of the State of New York, affirms, pursuant to Civil Practice Law and Rules ("CPLR") and under penalty of perjury, that the following is true and correct:

      1.    I am employed by the New York City Police Department ("NYPD") as the Executive Director of the Equal Employment Opportunity Division ("EEOD"). EEOD is organizationally situated within the Office of the Deputy Commissioner Equity and Inclusion.

2. I have held this position since July 2018. In this capacity, I oversee the NYPD's equal employment opportunities practices, the investigation of employment discrimination and harassment claims by members of the NYPD and the general public, as well as the processing of reasonable accommodation requests for NYPD personnel and applicants. Accordingly, I am familiar with the facts set forth herein.

3. This Affidavit is based on my own personal knowledge, as well as the books and records of the NYPD and the City of New York, and statements made to me by other officers or employees of the NYPD and the City of New York. I submit this affidavit in opposition to plaintiffs-petitioners' application for a preliminary injunction in the above captioned matter.

4. In my capacity as EEOD Director I oversee the Reasonable Accommodations Unit ("RA Unit"), which processes requests for accommodations from members of the service, based on both disability and religion. The RA Unit is comprised of seven full-time staff members who regularly process reasonable accommodation requests. Normally, the RA Unit receives approximately 200 requests per month.

5. On October 20, 2021, Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH") Dave A. Chokshi, M.D., issued an order requiring all City employees to show proof of at least one dose of a vaccination against COVID-19 by 5:00 p.m. on October 29, 2021 (the "DOHMH Order").

6. Thereafter, on October 21, 2021, I received guidance from the New York City Department of Citywide Administrative Services ("DCAS"), which included the "FAQ on New York City Employees Vaccine Mandate," attached to the Verified Petition as Exhibit 2, *see* NYSCEF Doc. No. 3, and a document entitled "Applying for a Reasonable Accommodation from the Covid-19 Vaccine Mandate" (collectively, "the Guidelines"). The latter document was

subsequently revised on October 28, 2021, and is attached hereto as Exhibit A. These documents laid out the guidelines for seeking an exemption from the DOHMH Order through a reasonable accommodation request.

7. On October 27, 2021, I attended a virtual meeting hosted by DCAS for Agency Personnel Officers and EEO Officers to further discuss these guidelines, including guidance on the reasonable accommodation request process for seeking an exemption from the DOHMH Order.

8. The Guidelines specified that a reasonable accommodation request to be exempted from the DOHMH Order had to be submitted on or before October 27, 2021. Further, any employee who requested a reasonable accommodation from their agency on or before that date must continue to submit a negative PCR test result within every seven-day period, as previously required, until their reasonable accommodation or subsequent appeal is decided.

9. However, employees who sought reasonable accommodations after October 27, 2021, were to be placed on Leave Without Pay ("LWOP") status effective November 1, 2021 while their requests were pending.

10. The Guidelines clarified that the only allowable accommodation from the vaccination mandate that would not cause undue hardship and/or disruption was weekly testing and submission of negative PCR results.

11. Applications were submitted directly to EEOD via email or hand delivery.

12. By the deadline of October 27, 2021, EEOD had received over 7,000 requests for a reasonable accommodation related to the DOHMH Order. Of those 7,000 applications, approximately 6,000 requested accommodation for religious reasons and 800 requested accommodation for medical reasons.

13. Some employees noted that they were unable to obtain supporting documentation for their request before the October 27, 2021 deadline. Employees who contacted EEOD expressing this concern were generally granted their requested accommodation for 30 days to permit them to gather any documentation they wished to submit in conjunction with their application.

14. As a result of the 7,000 reasonable accommodation requests received by EEOD, and by virtue of the fact that the RA Unit only had seven staff members, EEOD provided training to attorneys in the NYPD Legal Bureau to assist in reviewing these applications. These attorneys were given training on how to review reasonable accommodation requests, interview and investigate applications as necessary, and issue a recommendation on the outcome of such requests. I also conducted individual trainings with these attorneys on an as-needed basis.

15. All recommendations made by these attorneys were reviewed by me or EEOD Agency Attorney Jordan Farnham, before being adopted.

16. Applications are reviewed and decided by EEOD, in conjunction with the NYPD Medical Division and other attorneys within NYPD Legal Bureau who were recruited to assist with reviewing these requests.

17. Reasonable accommodation requests for exemption from the DOHMH Order based on a medical reason were sent directly to the NYPD Medical Division for initial review.

18. Employees were permitted to request a reasonable accommodation on the basis of either a permanent or temporary medical exemption.

19. In order to receive a permanent medical exemption, employees were required to submit documentation from their medical provider showing either a contraindication

-4-

FILED: NEW YORK COUNTY CLERK 02/02/2023 05:06 PM
NYSCEF DOC. NO. 24

INDEX NO. 158624/2023
RECEIVED NYSCEF: 02/02/2023

delineated in the Center for Disease Control ("CDC") considerations for COVID-19 vaccine[1] or evidence that, despite seeking vaccination, the applicant was unable to mount an immune response to COVID-19 due to preexisting immune conditions.

20. An applicant could receive a temporary medical exemption by showing, for example, that they are within the isolation period after COVID-19 infection or have been diagnosed with medical conditions such as pericarditis or myocarditis not associated with the COVID-19 vaccination. A complete list of qualifying bases for such temporary exemptions is included in the Guidelines.

21. Doctors from the NYPD Medical Division reviewed all reasonable accommodation requests based on medical reasons and submitted a recommendation to EEOD on whether the requests should be approved or denied. These recommendations were then reviewed by EEOD before a determination was issued.

22. Reasonable accommodation requests based on religious reasons were reviewed directly by EEOD.

23. Unlike reasonable accommodation requests based on medical reasons, the absence of supporting documentation in a request made for religious reasons did not result in an automatic denial of the request. Rather, supporting documentation, which could include statements from either the employee or a faith leader, permitted the reviewer to better understand the basis for the applicant's sincerely-held religious belief. Given the constrained timeline under which

---

[1] See "Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Approved or Authorized in the United States," Nov. 29, 2021, https://www.cdc.gov/vaccines/covid-19/clinical-considerations/covid-19-vaccines-us.html.

EEOD was reviewing the over 7,000 reasonable accommodation requests submitted, such documentation helped expedite the review process.

24. In evaluating these requests I relied in part on EEOC guidelines, which set forth four factors that, " . . . either alone or in combination – might undermine an employee's credibility," including:

> (1) whether the employee has behaved in a manner markedly inconsistent with the professed belief;
> (2) whether the accommodation sought is a particularly desirable benefit that is likely to be sought for secular reasons;
> (3) whether the timing of the request renders it suspect (e.g., it follows an earlier request by the employee for the same benefit for secular reasons); and
> (4) whether the employer otherwise has reason to believe the accommodation is not sought for religious reasons.

25. Many requests for religious accommodations contained statements or narratives with identical or verbatim language. These requests were duly considered, although the use of pro forma language may have weighed against the sincerity of an applicant's purported religious belief.

26. If a reasonable accommodation request based on religious beliefs did not contain sufficient information to evaluate either these factors or other concerns, reviewers attempted to contact the applicant individually by phone or email to discuss any questions.

27. Some reasonable accommodation requests were submitted without identifying a medical or religious basis for exemption from the DOHMH Order. Such applications were denied because, based on EEOC guidelines, "social, political, or economic philosophies, as well as mere personal preferences, are not religious beliefs protected by Title VII." Due to the sheer number of requests reviewed by EEOD, applications such as these were sometimes denied

without explanation, such as the letter attached to the Verified Petition as Exhibit 5. *See* NYSCEF Doc. No. 6, Verified Pet. Ex. 5, "NYPD Reasonable Accommodation Application Denial Letter."

28. After a determination was made, employees who sought accommodations and were denied were notified by letter and email and informed of their appeal rights.

29. Although City Guidelines require employees to appeal a denial of their reasonable accommodation request within three (3) business days, NYPD employees are permitted seven (7) calendar days to indicate their intent to file an appeal.

30. Employees may access the NYPD appeal submission form on the NYPD intranet through either their workstation or department-issued mobile phone. Employees who do not have access to a department workstation or mobile phone were also permitted to appear in person at the EEOD Office at 375 Pearl Street, 15th Floor, Suite 4, New York, New York 10038, in order to access a department workstation.

31. Per the Guidelines, upon notification of the appeal, EEOD uploads all records concerning the agency determination of the reasonable accommodation request within one business day.

32. EEOD, in conjunction with the NYPD Medical Division, continues to review DOHMH order-related reasonable accommodation requests as thoroughly and expediently as possible. As of November 30, 2021, approximately 176 applications have been approved and 6,500 have been denied. The remaining applications are still being processed.

MICHAEL MELOCOWSKY, ESQ.
EXECUTIVE DIRECTOR