UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY CHINCHILLA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>NEW YORK CITY POLICE DEPARTMENT ET AL.,<br><br>                              Defendants. | 23-CV-8986 (DEH)<br><br>MEMORANDUM OPINION<br>AND ORDER |

DALE E. HO, United States District Judge:

Before the Court is Plaintiff Nancy Chinchilla ("Plaintiff")'s motion objecting to the designation of a certain spreadsheet as confidential. *See* ECF No. 60. The spreadsheet contains the names and agency affiliations of the three voting members of a citywide panel that decided Plaintiff's religious accommodation request. *Id.* at 1. The spreadsheet also contains the members' votes (i.e., whether they voted to approve or deny Plaintiff's request) and reasons for their decision. *Id.*

Plaintiff argues that the spreadsheet should not be designated confidential because she needs it to be admissible during depositions, at summary judgment, and at trial to prove her discrimination claim. *Id.* at 2. Plaintiff further argues that the contents of the spreadsheet—namely, the identities of the public servants who adjudicated Plaintiff's accommodation request—should not be shielded from disclosure because they engaged in "discriminatory actions" and, as a result, "have diminished expectations of privacy concerning their roles in such decisions." *Id.* at 3.

Defendant City of New York ("Defendant") argues that the identities of the panel members should remain confidential "to protect their safety and privacy and prevent harassment by

disgruntled individuals." ECF No. 63. at 1.  Defendant points to public protests against New York City's vaccine mandate as evidence of the potential for the contents of this spreadsheet to be "misuse[d]" against the panel members, hypothesizing, among other things, that the contents "could open up a possibility of others making disparaging remarks about panel members on social medial leading to their physical and psychological harm." *Id.* at 2.  Defendant also argues that, because the panel members are neither parties to this action nor otherwise accused of wrongdoing, they maintain their expectation of privacy. *Id.*

In deciding whether the spreadsheet should be designated confidential, this Court must balance Plaintiff's interest in fully and effectively litigating her employment discrimination claim against the privacy interests Defendant raises on behalf of the non-party civil servant panel members.  Plaintiff asserts that "the Citywide Panel spreadsheet is undeniably the most vital document in this action [because] it provides *the reasons* for the denial of Plaintiff's religious accommodation request by the final decisionmakers." ECF No. 60 at 2 (emphasis added).  Given that Plaintiff's interest in the spreadsheet centers on *why* the panel members denied her accommodation request rather than on *who* the panel members are, the Court finds that the spreadsheet should not be designated confidential, but the names and agency affiliations of the panel members should be redacted.  Such minimal redaction is in line with Second Circuit precedent, *cf. Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (minimally redacting document to protect personally identifying information), and will allow Plaintiff to fully litigate her case while ensuring that the panel members privacy rights are protected, *see, e.g., Massey v. FBI*, 3 F.3d 620, 624 (2d Cir. 1993) ("[I]ndividuals, including government employees and officials, have privacy interests in the dissemination of their names."), and are not subjected to undue harassment.  *Cf. Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ 4500, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (ordering redaction of non-parties' personal information in part "because

2

the Internet has revolutionized the scope and manner in which information is available for public access") (cleaned up).

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART**. The Citywide Panel spreadsheet shall not be designated confidential, but panel members' names and agency affiliations shall be redacted.

The Clerk of Court is respectfully directed to terminate ECF No. 60.

SO ORDERED.

Dated: October 18, 2024
       New York, New York

_____
DALE E. HO
United States District Judge
