UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

NANCY CHINCHILLA,                                    **ANSWER**

                              Plaintiffs,        1:23-cv-08986-DEH

                    -against-

NEW YORK CITY POLICE DEPARTMENT and
CITY OF NEW YORK,

                              Defendants.
---------------------------------------------------------------------- X

      Defendant, The City of New ("Defendant"), by and through its attorney, **Muriel Goode-Trufant**, Acting Corporation Counsel of the City of New York as and for its Answer to the Complaint, respectfully alleges as follows[1]:

    1.     Denies the allegations set forth in paragraph "1" of the Complaint.

    2.     Denies the allegations set forth in paragraph "2" of the Complaint.

    3.     Denies the allegations set forth in paragraph "3" of the Complaint.

    4.     Denies the allegations set forth in paragraph "4" of the Complaint.

    5.     Denies the allegations set forth in paragraph "5" of the Complaint.

    6.     Denies the allegations set forth in paragraph "6" of the Complaint

    7.     Denies the allegations set forth in paragraph "7" of the Complaint.

    8.     Denies the allegations set forth in paragraph "8" of the Complaint.

    9.     Denies the allegations set forth in paragraph "9" of the Complaint.

---

[1] In its July 12, 2024 Opinion & Order, the Court dismissed the NYPD from this action and all of Plaintiff's claims except for her failure to accommodate claim under City Human Rights Law and New York State Human Rights Law. *See* ECF Dkt. No. 47.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that Plaintiff's personnel New York City Police Department ("NYPD") personnel records reflect that she is a citizen of the United States.

11.     Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Plaintiff was employed by the NYPD from July 1, 2004 through April 12, 2022.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Denies the allegations set forth in Paragraph "13" of the Complaint, except admits that the NYPD is a City agency.

14.     Denies the allegations set forth in Paragraph "14" of the Complaint, except admits that the City is a municipal corporation organized and existing under the laws of the State of New York.

15.     Denies the allegations set forth in paragraph "15" of the Complaint, and respectfully refers the Court to the statutory authorities cited therein for a complete and accurate statement of their contents.

16.     Admits the allegations set forth in Paragraph "16" of the Complaint.

17.     Denies the allegations set forth in paragraph "17" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

18.     Denies the allegations set forth in paragraph "18" of the Complaint, except admits that Plaintiff purports to base venue as alleged therein.

19.     Denies the allegations set forth in paragraph "19" of the Complaint, except admits that Plaintiff was employed by the NYPD in the title of a Police Officer from July 1, 2004 to April 12, 2022.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, and respectfully refers the Court to the Complaint for Plaintiff's self-identification as a Pentecostal Christian.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that Edgar Burroughs ("Plaintiff's Husband") has been employed by the NYPD in the title of a Sergeant, was granted a reasonable accommodation to maintain a beard, and was denied a reasonable accommodation to be exempt from the mandatory COVID-19 vaccination.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, except admits that Plaintiff worked for the NYPD.

25.     Denies the allegations set forth in paragraph "25" of the Complaint, except admits that Plaintiff has been assigned to the Police Academy.

26.     Denies the allegations set forth in paragraph "26" of the Complaint, except admits that Plaintiff has trained NYPD recruits.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint, except admits that Plaintiff's NYPD personnel records reflect that she was not suspended.

29.     Denies the allegations set forth in paragraph "29" of the Complaint, except admits that the Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination ("Vaccine Mandate") established the mandatory COVID-19 vaccination as a lawful condition of employment for City Employees and Certain City Contractors.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31.     Denies the allegations set forth in paragraph "31" of the Complaint and respectfully refers the Court to the executive order referenced therein for a complete and accurate statement of its contents.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except admits that Police Officers were considered essential personnel during the COVID-19 outbreak.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "38" of the Complaint, except admits that Police Officers were considered essential personnel during the COVID-19 outbreak.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except admits that Police Officers were considered essential personnel during the COVID-19 outbreak.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint, except admits that the duties of a Police Officer include working detail such as parades, special events, protests, and riots.

42. Denies the allegations set forth in paragraph "42" of the Complaint and respectfully refers the Court to the Vaccine Mandate for a complete and accurate statement of its contents.

43. Denies the allegations set forth in paragraph "43" of the Complaint, except admits that the NYPD and the Police Benevolent Association of the City of New York ("NYC PBA") did not have a Collective Bargaining Agreement regarding the City Vaccination Mandate.

44. Denies the allegations set forth in paragraph "44" of the Complaint and respectfully refers the Court to the Vaccine Mandate for a complete and accurate statement of its contents.

45. Denies the allegations set forth in paragraph "45" of the Complaint and respectfully refers the Court to the Vaccine Mandate for a complete and accurate statement of its contents.

46.     Denies the allegations set forth in paragraph "46" of the Complaint, except admits that the New York City Department of Citywide Administrative Services ("DCAS") published a document entitled "FAQ on New York City Employees Vaccine Mandate" and respectfully refers the Court to this document for a complete and accurate statement of its contents.

47.     Denies the allegations set forth in paragraph "47" of the Complaint and respectfully refers the Court to the document entitled "FAQ on New York City Employees Vaccine Mandate" for a complete and accurate statement of its contents.

48.     Denies the allegations set forth in paragraph "48" of the Complaint and respectfully refers the Court to the document entitled "FAQ on New York City Employees Vaccine Mandate" for a complete and accurate statement of its contents.

49.     Denies the allegations in paragraph "49" of the Complaint and respectfully refers the Court to the document entitled "FAQ on New York City Employees Vaccine Mandate" for a complete and accurate statement of its contents.

50.     Denies the allegations in paragraph "50" of the Complaint and respectfully refers the Court to the document entitled "FAQ on New York City Employees Vaccine Mandate" for a complete and accurate statement of its contents.

51.     Admits the allegations set forth in paragraph "51" of the Complaint.

52.     Denies the allegations set forth in paragraph "52" of the Complaint and respectfully refers the Court to the form entitled "Reasonable Accommodation Application for COVID-19 Vaccine Exemption for Members of the Service" for a complete and accurate statement of its contents.

53.     Admits the allegations set forth in paragraph "53" of the Complaint and respectfully refers the Court to the Reasonable Accommodation Application for COVID-19

Vaccine Exemption for Members of the Service for a complete and accurate statement of its contents.

54.     Denies the allegations set forth in paragraph "54" of the Complaint and respectfully refers the Court to the Reasonable Accommodation Application for COVID-19 Vaccine Exemption for Members of the Service for a complete and accurate statement of its contents.

55.     Denies the allegations set forth in paragraph "55" of the Complaint and respectfully refers the Court to the Reasonable Accommodation Application for COVID-19 Vaccine Exemption for Members of the Service for a complete and accurate statement of its contents.

56.     Denies the allegations set forth in paragraph "56" of the Complaint, except admits that Plaintiff submitted a request for a reasonable accommodation to the NYPD's Equal Employment Opportunity Division ("Plaintiff's Reasonable Accommodation Request") on October 21, 2021.

57.     Admits the allegations set forth in paragraph "57" of the Complaint.

58.     Denies the allegations set forth in paragraph "58" of the Complaint, except admits that Plaintiff attached to her Reasonable Accommodation Request a letter from Plaintiff to NYPD, Deputy Commissioner of Equity and Inclusion, Tanya Meisenholder, and Deputy Commissioner of Employee Relations, Robert Ganley, dated October 20, 2021.

59.     Denies the allegations set forth in paragraph "59" of the Complaint, and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

60. Denies the allegations set forth in paragraph "60" of the Complaint, and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

61. Denies the allegations set forth in paragraph "61" of the Complaint, and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

62. Denies the allegations set forth in paragraph "62" of the Complaint, and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

63. Denies the allegations set forth in paragraph "63" of the Complaint, and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

64. Denies the allegations set forth in paragraph "64" of the Complaint, and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

65. Denies the allegations set forth in paragraph "65" of the Complaint, and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

66. Denies the allegations set forth in paragraph "66" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

67. Denies the allegations set forth in paragraph "67" of the Complaint, and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

68. Denies the allegations set forth in paragraph "68" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

69. Denies the allegations set forth in paragraph "69" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

70. Denies the allegations set forth in paragraph "70" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

71. Denies the allegations set forth in paragraph "71" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

72. Denies the allegations set forth in paragraph "72" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

73. Denies the allegations set forth in paragraph "73" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

74. Denies the allegations set forth in paragraph "74" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

75. Denies the allegations set forth in paragraph "75" of the Complaint except admits that Plaintiff attached to her Reasonable Accommodation Request a letter from Reverend Don Foster from Yorktown Assembly of God, dated September 10, 2021.

76. Denies the allegations set forth in paragraph "76" of the Complaint, and respectfully refers the Court to the Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint, except admits that the NYPD EEO sent Plaintiff a letter dated February 8, 2021 denying her Request for a Reasonable Accommodation ("February 8 Letter") and respectfully refers the Court to the February 8 Letter for a complete and accurate statement of its contents.

79. Denies the allegations set forth in paragraph "79" of the Complaint, except admits that NYPD EEO provided training to attorneys in the NYPD Legal Bureau.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies the allegations set forth in paragraph "82" of the Complaint.

83. Denies the allegations set forth in paragraph "83" of the Complaint.[2]

84. Denies the allegations set forth in paragraph "84" of the Complaint.

---

[2] In its July 12, 2024, Opinion and Order, the Court declined to take judicial notice of a "Whistleblower's Affirmation." See ECF Dkt. No. 47.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint except admits that February 8 Letter advised Plaintiff of her right to file an appeal.

89. Denies the allegations set forth in paragraph "89" of the Complaint, except admits that a Citywide Appeals Panel was formed in order to adjudicate appeals of Reasonable Accommodation Requests for exemptions from the mandatory COVID-19 vaccination that were denied at the agency level.

90. Denies the allegations set forth in paragraph "90" of the Complaint, except admits that Plaintiff submitted an appeal of the denial of her Reasonable Accommodation Request dated February 15, 2022.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. Denies the allegations set forth in paragraph "92" of the Complaint, except admits that the Citywide Panel did not reverse the agency determination.

93. Denies the allegations set forth in paragraph "93" of the Complaint, except admits that the Citywide Panel did not reverse the agency determination and communicated its decision to Plaintiff by email dated March 14, 2022, and respectfully refers the Court to March 14, 2022 Email to Plaintiff for a complete and accurate statement of its contents.

94. Denies the allegations set forth in paragraph "94" of the Complaint and respectfully refers the Court to March 14, 2022 Email to Plaintiff for a complete and accurate statement of its contents.

95. Denies the allegations set forth in paragraph "95" of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint.

102. Denies the allegations set forth in paragraph "102" of the Complaint.

103. Denies the allegations set forth in paragraph "103" of the Complaint.

104. Denies the allegations set forth in paragraph "104" of the Complaint.

105. Denies the allegations set forth in paragraph "105" of the Complaint.

106. Denies the allegations set forth in paragraph "106" of the Complaint.

107. Denies the allegations set forth in paragraph "107" of the Complaint.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109. Admits the allegations set forth in paragraph "109" of the Complaint.

110.     Denies the allegations set forth in paragraph "110" of the Complaint and respectfully refers the Court to the decision by The New York State Division of Human Rights dated to February 28, 2023 for a complete and accurate statement of its contents.

111.     Denies the allegations set forth in paragraph "111" of the Complaint.

112.     Denies the allegations set forth in paragraph "112" of the Complaint and respectfully refers the Court to the document entitled "FAQ on New York City Employees Vaccine Mandate" for a complete and accurate statement of its contents.

113.     Paragraph "113" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "113" of the Complaint.

114.     Denies the allegations set forth in paragraph "114" of the Complaint.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Complaint.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

117.     Denies the allegations set forth in paragraph "117" of the Complaint.

118.     Denies the allegations set forth in paragraph "118" of the Complaint.

119.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint.

122. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint.

123. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Complaint.

124. In response to paragraph "124" of the Complaint, Defendant repeats and re-alleges its responses to paragraphs "1" through "123" of the Complaint as if set forth fully herein.

125. Paragraph "125" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "125" of the Complaint, and respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

126. Paragraph "126" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

127. Denies the allegations set forth in paragraph "127" of the Complaint.

128. Denies the allegations set forth in paragraph "128" of the Complaint.

129. Denies the allegations set forth in paragraph "129" of the Complaint.

130. Denies the allegations set forth in paragraph "130" of the Complaint and respectfully refers the Court to the Vaccine Mandate for a complete and accurate statement of its contents.

131. Denies the allegations set forth in paragraph "131" of the Complaint except admits that the City established a process for applying for a reasonable accommodation to be exempt from the COVID-19 Vaccine Mandate.

132.     Denies the allegations set forth in paragraph "132" of the Complaint except admits that Plaintiff submitted a request for a reasonable accommodation to the EEOD to be exempt from the mandatory COVID-19 vaccination.

133.     Denies the allegations set forth in paragraph "133" of the Complaint except admits that Plaintiff's Request for a Reasonable Accommodation to be exempt from the mandatory COVID-19 vaccination was denied.

134.     Denies the allegations set forth in paragraph "134" of the Complaint.

135.     Paragraph "135" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required Defendant respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

136.     Paragraph "136" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the report cited therein for a complete and accurate statement of its contents.

137.     Paragraph "137" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

138.     Denies the allegations set forth in paragraph "138" of the Complaint.

139.     Denies the allegations set forth in paragraph "139" of the Complaint.

140.     Denies the allegations set forth in paragraph "140" of the Complaint.

141.     Denies the allegations set forth in paragraph "141" of the Complaint.

142.     Denies the allegations set forth in paragraph "142" of the Complaint.

143.     Denies the allegations set forth in paragraph "143" of the Complaint.

144.     Denies the allegations set forth in paragraph "144" of the Complaint.

145.     Denies the allegations set forth in paragraph "145" of the Complaint.

146.     Denies the allegations set forth in paragraph "146" of the Complaint.

147.     Denies the allegations set forth in paragraph "147" of the Complaint.

148.     Paragraph "148" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "148" of the Complaint, and respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

149.     Denies the allegations set forth in paragraph "149" of the Complaint, and respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

150.     Denies the allegations set forth in paragraph "150" of the Complaint.

151.     Denies the allegations set forth in paragraph "151" of the Complaint.

152.     Paragraph "152" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "152" of the Complaint.

153.     Paragraph "153" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "153" of the Complaint.

154.     Denies the allegations set forth in paragraph "154" of the Complaint.

155.     Denies the allegations set forth in paragraph "155" of the Complaint.

156.     Admits the allegations set forth in paragraph "156" of the Complaint.

157.     Denies the allegations set forth in paragraph "157" of the Complaint and respectfully refers the Court to Plaintiff's Reasonable Accommodation Request for a complete and accurate statement of its contents.

158.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint.

159.     Denies the allegations set forth in paragraph "159" of the Complaint.

160.     Denies the allegations set forth in paragraph "160" of the Complaint.

161.     Denies the allegations set forth in paragraph "161" of the Complaint.

162.     Denies the allegations set forth in paragraph "162" of the Complaint.

163.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Complaint.

164.     Denies the allegations set forth in paragraph "164" of the Complaint.

165.     Denies the allegations set forth in paragraph "165" of the Complaint.

166.     Denies the allegations set forth in paragraph "166" of the Complaint.

167.     Denies the allegations set forth in paragraph "167" of the Complaint.

168.     Denies the allegations set forth in paragraph "168" of the Complaint.

169.     Denies the allegations set forth in paragraph "169" of the Complaint.

170.     Denies the allegations set forth in paragraph "170" of the Complaint.

171.     Denies the allegations set forth in paragraph "171" of the Complaint.

172.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint.

173.     Paragraph "173" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the

allegations set forth in paragraph "173" of the Complaint.

174.     Paragraph "174" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "174" of the Complaint.

175.     Paragraph "175" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "175" of the Complaint and respectfully refers the Court to the document referred to herein for a complete and accurate statement of its contents.

176.     Denies the allegations set forth in paragraph "176" of the Complaint.

177.     Denies the allegations set forth in paragraph "177" of the Complaint.

178.     Denies the allegations set forth in paragraph "178" of the Complaint.

179.     Denies the allegations set forth in paragraph "179" of the Complaint.

180.     Denies the allegations set forth in paragraph "180" of the Complaint.

181.     Denies the allegations set forth in paragraph "181" of the Complaint.

182.     Denies the allegations set forth in paragraph "182" of the Complaint.

183.     Denies the allegations set forth in paragraph "183" of the Complaint.

184.     Denies the allegations set forth in paragraph "184" of the Complaint.

185.     Denies the allegations set forth in paragraph "185" of the Complaint.

186.     Denies the allegations set forth in paragraph "186" of the Complaint.

187.     Denies the allegations set forth in paragraph "187" of the Complaint.

188.     Denies the allegations set forth in paragraph "188" of the Complaint.

189.     Denies the allegations set forth in paragraph "189" of the Complaint.

190.     Denies the allegations set forth in paragraph "190" of the Complaint.

191.     Denies the allegations set forth in paragraph "191" of the Complaint.

192.     Denies the allegations set forth in paragraph "192" of the Complaint.

193.     Denies the allegations set forth in paragraph "193" of the Complaint.

194.     Denies the allegations set forth in paragraph "194" of the Complaint.

195.     Denies the allegations set forth in paragraph "195" of the Complaint.

196.     In response to paragraph "196" of the Complaint, Defendant repeats and re-alleges its responses to paragraphs "1" through "195" of the Complaint as if set forth fully herein.

197.     Paragraph "197" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "197" of the Complaint, and respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

198.     Paragraph "198" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "198" of the Complaint, and respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

199.     Paragraph "199" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "199" of the Complaint, and respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

200.     Paragraph "200" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "200" of the Complaint, and respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

201. Paragraph "201" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "201" of the Complaint, except admits that Plaintiff was employed by the NYPD from July 1, 2004 through April 12, 2022.

202. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Complaint.

203. Denies the allegations set forth in paragraph "203" of the Complaint except admits that proof of a vaccination against COVID-19 was a condition of employment.

204. Denies the allegations set forth in paragraph "204" of the Complaint, except admits that Plaintiff filed a reasonable accommodation request to be exempt from the mandatory COVID-19 vaccination.

205. Denies the allegations set forth in paragraph "205" of the Complaint.

206. Denies the allegations set forth in paragraph "206" of the Complaint.

207. Denies the allegations set forth in paragraph "207" of the Complaint.

208. Denies the allegations set forth in paragraph "208" of the Complaint.

209. Denies the allegations set forth in paragraph "209" of the Complaint.

210. Denies the allegations set forth in paragraph "210" of the Complaint.

211. Denies the allegations set forth in paragraph "211" of the Complaint, except admits that Plaintiff's Reasonable Accommodation Request to be exempt from the mandatory COVID-19 vaccination was denied.

212. Denies the allegations set forth in paragraph "212" of the Complaint, except admits that Plaintiff's Reasonable accommodation Request to be exempt from the mandatory COVID-19 vaccination was denied.

213. Denies the allegations set forth in paragraph "213" of the Complaint.

214. Denies the allegations set forth in paragraph "214" of the Complaint.

215. Denies the allegations set forth in paragraph "215" of the Complaint.

216. Denies the allegations set forth in paragraph "216" of the Complaint.

217. Denies the allegations set forth in paragraph "217" of the Complaint.

218. Denies the allegations set forth in paragraph "218" of the Complaint.

219. Denies the allegations set forth in paragraph "219" of the Complaint.

220. Denies the allegations set forth in paragraph "220" of the Complaint.

221. Denies the allegations set forth in paragraph "221" of the Complaint.

222. Denies the allegations set forth in paragraph "222" of the Complaint.

223. Denies the allegations set forth in paragraph "223" of the Complaint.

224. Denies the allegations set forth in paragraph "224" of the Complaint.

225. Denies the allegations set forth in paragraph "225" of the Complaint.

226. Denies the allegations set forth in paragraph "226" of the Complaint.

227. Denies the allegations set forth in paragraph "227" of the Complaint.

228. Denies the allegations set forth in paragraph "228" of the Complaint.

229. Denies the allegations set forth in paragraph "229" of the Complaint.

230. Denies the allegations set forth in paragraph "230" of the Complaint.

231. Denies the allegations set forth in paragraph "231" of the Complaint.

232. Denies the allegations set forth in paragraph "232" of the Complaint.

233. Denies the allegations set forth in paragraph "233" of the Complaint.

234. Denies the allegations set forth in paragraph "234" of the Complaint.

235. Denies the allegations set forth in paragraph "235" of the Complaint.

236. Paragraph "236" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "236" of the Complaint and respectfully refers the Court to the document referred to therein for a complete and accurate statement of its contents.

237. Denies the allegations set forth in paragraph "237" of the Complaint.

238. Denies the allegations set forth in paragraph "238" of the Complaint.

239. Denies the allegations set forth in paragraph "239" of the Complaint.

240. Denies the allegations set forth in paragraph "240" of the Complaint.

241. Denies the allegations set forth in paragraph "241" of the Complaint.

242. Denies the allegations set forth in paragraph "242" of the Complaint.

243. Denies the allegations set forth in paragraph "243" of the Complaint.

244. Denies the allegations set forth in paragraph "244" of the Complaint.

245. Denies the allegations set forth in paragraph "245" of the Complaint.

246. Denies the allegations set forth in paragraph "246" of the Complaint.

247. Denies the allegations set forth in paragraph "247" of the Complaint.

248. Denies the allegations set forth in paragraph "248" of the Complaint.

249. Denies the allegations set forth in paragraph "249" of the Complaint.

250. Denies the allegations set forth in paragraph "250" of the Complaint.

251. Denies the allegations set forth in paragraph "251" of the Complaint.

252. Denies the allegations set forth in paragraph "252" of the Complaint.

253. Denies the allegations set forth in paragraph "253" of the Complaint.

254. Denies the allegations set forth in paragraph "254" of the Complaint.

255. Denies the allegations set forth in paragraph "255" of the Complaint.

256.     Denies the allegations set forth in paragraph "256" of the Complaint.

257.     In response to paragraph "257" of the Complaint, Defendant repeats and re-alleges its responses to paragraphs "1" through "256" of the Complaint as if set forth fully herein.

258.     Paragraph "258" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

259.     Paragraph "259" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

260.     Denies the allegations set forth in paragraph "260" of the Complaint.

261.     Denies the allegations set forth in paragraph "261" of the Complaint.

262.     Denies the allegations set forth in paragraph "262" of the Complaint.

263.     Denies the allegations set forth in paragraph "263" of the Complaint.

264.     Denies the allegations set forth in paragraph "264" of the Complaint.

265.     Denies the allegations set forth in paragraph "265" of the Complaint.

266.     Denies the allegations set forth in paragraph "266" of the Complaint.

267.     Paragraph "267" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

268.     Denies the allegations set forth in paragraph "268" of the Complaint.

269.    Denies the allegations set forth in paragraph "269" of the Complaint.

270.    Denies the allegations set forth in paragraph "270" of the Complaint.

271.    Denies the allegations set forth in paragraph "271" of the Complaint.

272.    Denies the allegations set forth in paragraph "272" of the Complaint.

273.    Denies the allegations set forth in paragraph "273" of the Complaint.

274.    Denies the allegations set forth in paragraph "274" of the Complaint.

275.    Denies the allegations set forth in paragraph "275" of the Complaint.

276.    Denies the allegations set forth in paragraph "276" of the Complaint.

277.    Denies the allegations set forth in paragraph "277" of the Complaint.

278.    Denies the allegations set forth in paragraph "278" of the Complaint.

279.    In response to paragraph "279" of the Complaint, Defendant repeats and re-alleges its responses to paragraphs "1" through "278" of the Complain as if set forth fully herein.

280.    Paragraph "280" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

281.    Paragraph "281" of the Complaint purports to set forth conclusions of law, for which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory authority cited therein for a complete and accurate statement of its contents.

282.    Denies the allegations set forth in paragraph "282" of the Complaint.

283.    Denies the allegations set forth in paragraph "283" of the Complaint.

284.    Denies the allegations set forth in paragraph "284" of the Complaint.

285.    Denies the allegations set forth in paragraph "285" of the Complaint.

286.    Denies the allegations set forth in paragraph "286" of the Complaint.

287.    Denies the allegations set forth in paragraph "287" of the Complaint.

288.    Denies the allegations set forth in paragraph "288" of the Complaint.

289.    Denies the allegations set forth in paragraph "289" of the Complaint.

290.    Denies the allegations set forth in paragraph "290" of the Complaint.

291.    Denies the allegations set forth in paragraph "291" of the Complaint.

292.    Denies the allegations set forth in paragraph "292" of the Complaint.

293.    Denies the allegations set forth in paragraph "293" of the Complaint.

294.    Denies the allegations set forth in paragraph "294" of the Complaint.

295.    Denies the allegations set forth in paragraph "295" of the Complaint.

296.    Denies the allegations set forth in paragraph "296" of the Complaint.

297.    Denies the allegations set forth in paragraph "297" of the Complaint.

298.    Denies the allegations set forth in paragraph "298" of the Complaint.

299.    Denies the allegations set forth in paragraph "299" of the Complaint.

300.    Denies the allegations set forth in paragraph "300" of the Complaint.

301.    Denies the allegations set forth in paragraph "301" of the Complaint.

302.    Denies the allegations set forth in paragraph "302" of the Complaint.

303.    Denies the allegations set forth in paragraph "303" of the Complaint.

304.    Denies the allegations set forth in paragraph "304" of the Complaint.

305.    Denies the allegations set forth in paragraph "305" of the Complaint.

306.    Denies the allegations set forth in paragraph "306" of the Complaint.

307.     Denies the allegations set forth in paragraph "307" of the Complaint.

308.     Denies the allegations set forth in paragraph "308" of the Complaint.

309.     Denies the allegations set forth in paragraph "309" of the Complaint.

310.     Denies the allegations set forth in paragraph "310" of the Complaint.

311.     Denies the allegations set forth in paragraph "311" of the Complaint.

312.     Denies the allegations set forth in paragraph "312" of the Complaint.

313.     Denies the allegations set forth in paragraph "313" of the Complaint and respectfully refers the Court to the statement referenced therein for a complete and accurate statement of its contents.

314.     Denies the allegations set forth in paragraph "314" of the Complaint.

315.     Denies the allegations set forth in paragraph "315" of the Complaint.

316.     Denies the allegations set forth in paragraph "316" of the Complaint.

317.     Denies the allegations set forth in paragraph "317" of the Complaint.

318.     Denies the allegations set forth in paragraph "318" of the Complaint.

319.     Denies the allegations set forth in paragraph "319" of the Complaint.

320.     Denies the allegations set forth in paragraph "320" of the Complaint and respectfully refers the Court to the case referenced therein for a complete and accurate statement of its contents.

321.     Denies the allegations set forth in paragraph "321" of the Complaint.

322.     Denies the allegations set forth in paragraph "322" of the Complaint.

323.     Denies the allegations set forth in paragraph "323" of the Complaint and respectfully refers the Court to the letter referenced therein for a complete and accurate statement of its contents.

324. Denies the allegations set forth in paragraph "324" of the Complaint.

325. Denies the allegations set forth in paragraph "325" of the Complaint.

326. Denies the allegations set forth in paragraph "326" of the Complaint.

327. Denies the allegations set forth in paragraph "327" of the Complaint.

328. Denies the allegations set forth in paragraph "328" of the Complaint.

329. Denies the allegations set forth in paragraph "329" of the Complaint.

330. Denies the allegations set forth in paragraph "330" of the Complaint.

331. Denies the allegations set forth in paragraph "313" of the Complaint.

332. Denies the allegations set forth in paragraph "332" of the Complaint.

333. Denies the allegations set forth in paragraph "333" of the Complaint.

334. Denies the allegations set forth in paragraph "334" of the Complaint.

### AS AND FOR A FIRST DEFENSE:

335. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

336. Defendant had legitimate, non-discriminatory and non-retaliatory business reasons for taking any of the alleged acts complained of by Plaintiff.

### AS AND FOR A THIRD DEFENSE:

337. To the extent the Complaint demands punitive damages against Defendant, that request is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

Dated: New York, New York
October 22, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of
the City of New York

Attorney for Defendants
100 Church Street, Second
Floor New York, New York
10007
(212) 356-4015


By:     /s/ *Marina Sukonnik*

Marina Sukonnik
Assistant Corporation Counsel

To:     Christina Martinez Esq., by ECF