UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chinchilla,<br><br>                    Plaintiff,<br><br>v.<br><br>New York City Police Department et al.,<br><br>                    Defendants. | 23-CV-8986 (DEH)<br><br>MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

 Currently before the Court is a Motion filed by Plaintiff that (1) seeks discovery sanctions against Defendants pursuant to Rule 37[1] and (2) requests a pre-motion discovery conference pursuant to Local Civil Rule 37.2. Letter Mot. for Disc. Sanctions ("Pl.'s Mot."), ECF No. 53. The Court held the requested conference on September 4, 2024, *see* Sept. 4, 2024, Min. Entry, rendering that portion of the pending Motion moot. For the reasons explained below, Plaintiff's Motion for Sanctions is **DENIED**.

 Under Rule 37(b)(2)(A), after "a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders "may include," in relevant part, ones that "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and that "prohibit[] the disobedient party from supporting or opposing designated claims or defenses." Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii). A latter provision of Rule 37 states that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"A district court has 'wide discretion in imposing sanctions under Rule 37.'" *Export-Import Bank of Republic of China v. Democratic Republic of Congo*, No. 16 Civ. 4480, 2020 WL 6365014, at *2 (S.D.N.Y. Oct. 29, 2020) (quoting *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)). It may "consider a wide variety of factors in deciding whether and how to" impose sanctions, *id.*, "including . . . 'the willfulness of the non-compliant party or the reason for noncompliance.'" *S. New Eng. Tel. Co.*, 624 F.3d at 144 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir.2009)). "[T]he Rule's bottom-line requirement . . . is 'only that the district court's orders be just.'" *Export-Import Bank of Republic of China*, 2020 WL 6365014, at *2 (quoting *S. New Eng. Tel. Co.*, 624 F.3d at 144). That said, typically, "sanctions are reserved for extreme cases and extraordinary circumstances." *Microbot Med., Inc. v. All. Inv. Mgmt. Ltd.*, No. 19 Civ. 3782, 2020 WL 5755061, at *12 (S.D.N.Y. Aug. 18, 2020) (discussing sanctions in context of Rule 11), *report and recommendation adopted*, 2020 WL 5600852 (S.D.N.Y. Sept. 17, 2020).

Plaintiff argues sanctions are warranted here because Defendants "repeatedly failed to comply with the Court's Order dated May 23, 2024 (ECF No. 42), and August 9, 2024 (ECF No. 51), which granted Plaintiff certain discovery relief." Pl.'s Mot. at 1. Specifically, she argues that Defendants disobeyed the Court's Order to produce:

> (1) documents regarding Plaintiff's request for a religious accommodation and Defendants' processes and policies for making determinations on religious accommodations to the citywide vaccine mandate; (2) documents regarding the use of aborted fetal cell lines in COVID-19 vaccination [*sic*] that were provided to reviewers of religious accommodation requests; and (3) complaints alleging religious discrimination against individuals who decided Plaintiff's accommodation requests.

*Id.*  At the outset, it appears that at least one of the documents Plaintiff claims was wrongfully withheld, the Citywide Panel Voting Spreadsheet, was produced after the Court "so ordered" the parties' stipulated protective order.  *See* Defs.' Opp'n to Pl.'s Mot. for Sanctions at 2, ECF No. 57. The Court previously noted that the production of the Spreadsheet was contingent on the parties filing a protective order.  *See* May 23, 2024 Order at 2, ECF No. 42.  To the extent that Plaintiff seeks sanctions for Defendants withholding the Citywide Panel Voting Spreadsheet until after the protective order was in place, that request is denied.

With respect to the other documents, the Court explicitly noted that it was "reserv[ing] judgment on Plaintiff's request for sanctions" in an Order issued September 5th that, *inter alia*, set deadlines for Defendants' to produce certain outstanding discovery and directed the parties to "meet-and-confer **in good faith**" to resolve any disputes that arose after Defendants' document production.  *See* Sept. 5, 2024 Order, ECF No. 58 (emphasis in original).  The parties were unable to resolve any of the disputes arising after Defendants' document production, and they subsequently raised numerous discovery disputes with the Court.  The Court resolved these disputes in a conference held on October 21, 2024.  *See* Mem. Order, ECF No. 110.  Having closely considered the parties' myriad disputes, it is clear to the Court that Defendants' prior failure to produce certain documents was not attributable to their willfully disobeying this Court's orders. Instead, it was the result of disagreements between the parties on, *inter alia*, the appropriate scope and search terms for electronically stored information.  And, at any rate, Defendants ultimately produced all discovery to which Plaintiff was entitled, which was, again, only withheld based on the parties' legitimate disagreement over the scope of the Defendants' requisite discovery disclosures.

* * *

     For the reasons explained above, Rule 37 sanctions are inappropriate. Plaintiff's Motion is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 53. The Court will adjudicate the parties' cross-motions for summary judgment in due course.

SO ORDERED.

Dated: August 28, 2025
       New York, New York

                                      DALE E. HO
                              United States District Judge