23-CV-8986 (DEH) (HJR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY CHINCHILLA,

Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT AND CITY OF NEW YORK.

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Marina Sukonnik*
*Tel: (212) 356-4015*
*Matter No.: 2023-093769*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... II

PRELIMINARY STATEMENT .......... 1

ARGUMENT

POINT I

PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED IN ITS ENTIRETY .......... 3

A. Plaintiff Reargues Issues Already Considered and Rejected by the Court .......... 3

1) This Court Properly Concluded That Plaintiff's Use Of Over-The-Counter Medications Could Permit A Jury To Question The Sincerity Of Her Professed Religious Beliefs .......... 4

2) Plaintiff Presents the Same Evidence and Arguments Previously Rejected by the Court .......... 7

B. Defendant Presented Evidence that Permitting Plaintiff to Remain Unvaccinated Posed an Undue Hardship to the City .......... 10

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Brod v. Omya, Inc.*,
653 F.3d 156 (2d Cir. 2011)....................3

*Burke v. New York City Transit Auth.*,
2017 WL 11707845
(E.D.N.Y. Feb. 3, 2017)....................4

*Castellano v. United States*,
2026 U.S. Dist. LEXIS 2667
(S.D.N.Y. Jan. 5, 2026)....................11

*Chavez v. City of New York*,
2026 U.S. Dist. LEXIS 25309
(E.D.N.Y. Feb. 6, 2026)....................11

*Chinchilla v. N.Y.C. Police Dep't*,
2024 U.S. Dist. LEXIS 123248
(S.D.N.Y. July 12, 2024)....................9

*Commerzbank AG v. U.S. Bank, N.A.*,
100 F.4th 362 (2d Cir. 2024)....................3

*DelleFave v. Access Temporaries, Inc.*,
2001 U.S. Dist. LEXIS 3165
(S.D.N.Y. Mar. 22, 2001)....................3

*Gardner-Alfred v. FRB of New York*,
143 F.4th 51 (2d Cir. 2025)....................5, 6

*Marciano v. De Blasio*,
589 F. Supp. 3d 423 (S.D.N.Y. 2022)....................7

*Marsteller v. City of New York*,
217 A.D.3d 543 (1st Dep't 2023)....................9

*Matos v. Discovery Commc'ns, LLC*,
750 F. Supp. 3d 307 (S.D.N.Y. 2024)....................8

*Owens v. New York City Hous. Auth.*,
934 F.2d 405 (2d Cir. 1991)....................4

*Reese v. United States*,
164 F. Supp. 3d 608 (S.D.N.Y. 2016)....................3

**Cases** **Pages**

*Shrader v. CSX Transp.*,
70 F.3d 255 (2d Cir. 1995)....................3

*Union CT Telecom, L.L.C. v. Vision Phonecard Distrib. Inc.*,
2014 N.Y. Slip Op. 33399(U)
(Sup. Ct. Bronx Cnty. 2014)....................6

*Matter of Ventresca-Cohen v. DiFiore*,
77 Misc. 3d 652
(Sup. Ct. Albany Cnty. 2022)....................5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
956 F.2d 1245 (2d Cir. 1992)....................3

*Williams v. R.H. Donnelley, Corp.*,
368 F.3d 123 (2d Cir. 2004).................... 3-4

**Statutes**

Fed. R. Civ. P. 56(a)....................3

Fed. R. Civ. P. 60(b)(6)....................3

Local R. 6.3....................2, 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

NANCY CHINCHILLA,

Plaintiff,

No. 23-CV-8986 (DEH) (HJR)

-against-

CITY OF NEW YORK, et al.

Defendants.
---------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

## PRELIMINARY STATEMENT

On March 3, 2025, the parties filed cross-motions for summary judgment with respect to Plaintiff Nancy Chinchilla's ("Plaintiff") sole surviving claim of Failure to Accommodate under the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL"). ECF Doc. Nos. 94 and 98. Defendant City of New York ("City" or "Defendant")[1] moved for summary judgment ("Defendant's MSJ") on the grounds that Plaintiff failed to establish that she had a sincerely-held religious belief that conflicted with the COVID-19 Vaccine Mandate ("Vaccine Mandate"), and that granting Plaintiff's accommodation request would have imposed an undue hardship on Defendant. ECF Doc. No. 97. Plaintiff moved for summary judgment ("Plaintiff's MSJ") arguing that she had established a sincerely-held religious belief that conflicted with the Vaccine Mandate and that Defendant could not claim that accommodating her would have caused undue hardship because it waived this affirmative defense by failing to plead it in the Answer. ECF Doc. No. 99.

[1] The NYPD was dismissed from this action on July 12, 2024. *See* ECF Dkt. No. 47.

At a hearing held on February 25, 2026, this Court denied the parties' cross motions for summary judgment and found material issues of fact as to: (1) the sincerity of Plaintiff's religious belief, and; (2) the reasonableness of the accommodations sought by Plaintiff and whether or not it would have posed an undue burden on the Defendant. *See* Exhibit A, Transcript of February 25, 2026 Hearing (the "Decision"). The Court rejected Plaintiff's argument that Defendant was required to plead undue hardship as an affirmative defense in its answer. *Id*.

On March 11, 2026, Plaintiff moved pursuant to Local Rule 6.3 for reconsideration of the Court's order denying Plaintiff's motion for summary judgment ("Plaintiff's MFR"). ECF Doc. No. 118. Plaintiff argues that the Court erred in finding that the City properly inquired into the consistency of Plaintiff's beliefs and in concluding that Plaintiff's use of over-the-counter medication could permit a jury to question the sincerity of her professed religious beliefs. *Id*. Plaintiff also argued that the City cannot meet its burden of proving that a proposed accommodation would impose an undue hardship. *Id*.

Defendant opposes Plaintiff's motion for reconsideration. Plaintiff does not point to any controlling case law or material facts that this Court overlooked; nor does she demonstrate clear error made by this Court in denying Plaintiff's Motion for Summary Judgment. Rather, Plaintiff uses this motion as an opportunity to re-litigate issues already argued before this Court and which this Court has already decided consistent with the controlling case law. Therefore, Plaintiff's Motion for Reconsideration should be denied.

## ARGUMENT

### POINT I

### PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED IN ITS ENTIRETY

A motion for reconsideration is governed by Fed. R. Civ. P. 60(b)(6) and Local Rule 6.3. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *DelleFave v. Access Temporaries, Inc.*, 2001 U.S. Dist. LEXIS 3165 at *1 (S.D.N.Y. Mar. 22, 2001); *Reese v. United States*, 164 F. Supp. 3d 608, 610 (S.D.N.Y. 2016) ("Rule 6.3 is intended to 'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'") (internal citations omitted).

**A. Plaintiff Reargues Issues Already Considered and Rejected by the Court**

To obtain summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact." Fed. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368

F.3d 123, 126 (2d Cir. 2004)). "Only if no reasonable trier of fact could find in favor of the non-moving party should summary judgment be granted." *Owens v. New York City Hous. Auth.*, 934 F.2d 405, 410 (2d Cir. 1991). Here, the Court determined that a reasonable jury could find in favor of either party. *See* Decision at 3. However, Plaintiff continues to make the same arguments she made previously in her motion for summary judgment, implying that the Court should have reached a different decision – one favorable to her. As demonstrated below, Plaintiff fails to identify any mistakes of law or controlling decisions that the Court overlooked in reaching its decision in this action. Plaintiff's motion for reconsideration is a mere regurgitation of her motion for summary judgment and fails to demonstrate facts or law that would change the Court's decision. Plaintiff is simply trying to change the Court's mind. *See Burke v. New York City Transit Auth.*, 2017 WL 11707845, at *1 (E.D.N.Y. Feb. 3, 2017) (holding that "[a] motion for reconsideration is not an opportunity 'to reargue those issues already considered when a party does not like the way the original motion was resolved.'") (internal citations omitted).

**1) This Court Properly Concluded That Plaintiff's Use Of Over-The-Counter Medications Could Permit A Jury To Question The Sincerity Of Her Professed Religious Beliefs**

In her motion for reconsideration, Plaintiff claims that evidence that she acted inconsistently with her alleged religious beliefs "cannot reopen the sincerity inquiry," and asserts that this Court erred in finding that her use of over-the-counter medications could permit a jury to conclude that her professed religious beliefs were not sincerely held. Plaintiff's MFR at 10 - 13. However, after reviewing relevant case law, this Court made it clear:

> I don't, as a matter of law, see case law holding that there is a prohibition on employers attempting to determine whether an employee's beliefs are sincere by asking questions meant to elicit if they are consistent.

Decision at 7-8. While Plaintiff admits that consistency can help the "fact finder determine whether the asserted belief is sincerely held," she asserts that she did not act inconsistently with her beliefs, because she "[did] not believe over-the-counter medications were created or developed using aborted fetal cell lines." Plaintiff's MFR at 11, 14. However, Plaintiff fails to explain why, if she had such a strong religious objection to COVID-19 vaccines due to their connection to fetal cell lines, she did not conduct any fact-checking into the accuracy of her belief regarding over-the-counter medications. *See* Defendant's MSJ at 14; *Matter of Ventresca-Cohen v. DiFiore*, 77 Misc. 3d 652, 666 (Sup. Ct. Albany Cnty. 2022) ("it may be reasonable to find that an applicant's casual approach to future use of medications developed or tested on fetal cell lines is some evidence that they do not hold a sincere religious belief"); *Gardner-Alfred v. FRB of N.Y.,* 143 F.4th 51, 62 (2d Cir. 2025) ("there was significant evidence calling into question the veracity of [Plaintiff's] claimed religious beliefs" where "she took a Covid test in November 2021, despite considering it 'an invasive technique of Western medicine' that '[p]ossibly' violate[d] her religious beliefs," and where Plaintiff's "only explanation for how she could take the test, without violating her religious beliefs, was that she "just felt at that moment it wasn't invasive"). Consequently, relying on the Second Circuit's decision in *Gardner-Alfred*, this Court concluded that the evidence of inconsistencies in Plaintiff's expressed religious views regarding fetal cells in medications was "impeachment evidence that a jury could rely on to discredit the plaintiff's testimony." Decision at 5.

Unable to explain her inconsistent conduct, Plaintiff asserts that her use of over-the-counter medications is not connected to Defendant's denial of her accommodation request and was discussed only during her deposition. Plaintiff's MFR at 8. Plaintiff is clearly wrong. The deposition testimony showed that during the review of her accommodation request, the City

concluded that Plaintiff did not "consistently [abstain] from products developed using fetal cells" and "acknowledge[d] that she did take similar vaccines and medications over the course of her life," undercutting the sincerity of her stated religious beliefs. Defendant's MSJ at 12. During her deposition, Plaintiff further confirmed that she used medications that were tested on fetal cell lines, while refusing to take the COVID-19 vaccine on the same basis. *Id*. 14. *Gardner-Alfred*, 143 F.4th at 67 ("plaintiff's statements about her religious beliefs can raise a genuine dispute of material fact as to the sincerity of those beliefs").

Plaintiff also attempts to deny that she acted inconsistently with her alleged religious beliefs by claiming that over-the-counter medications are not "connected to aborted fetal cell lines in the same way the COVID-19 vaccines are," and asserts that an email between an unknown individual and GSK Consumer Relations Healthcare, dated June 30, 2022, and an email between Plaintiff's counsel and Tylenol Consumer Care, dated April 2, 2025, purportedly eliminate "any factual basis" to conclude that Plaintiff acted inconsistently with her professed religious beliefs. Plaintiff's MFR at 14-15. However, these emails are inadmissible hearsay that cannot be considered on a motion for summary judgment. *See Union CT Telecom, L.L.C. v. Vision Phonecard Distrib. Inc.,* 2014 N.Y. Slip Op. 33399(U), 2 (Sup. Ct. 2014) (reargument denied where Plaintiffs' reply papers improperly relied on emails which were hearsay and insufficient on a motion for summary judgment). Nor do these emails explain why Plaintiff did not do any fact-checking to ensure that fetal cell lines were not used in research, development, or production of Advil or Tylenol prior to taking these medications, further reinforcing the inconsistency between her objection to COVID-19 vaccine and her willingness to use over-the-counter medications. Defendant's MSJ at 14.

Next, Plaintiff argues that the sincerity of her religious beliefs cannot be undermined because "the City officials themselves could not verify any scientific basis linking over the-counter medications to aborted fetal cell lines." Plaintiff's MFR at 15. To support her claims, Plaintiff presents an e-mail exchange from September 2021, between Steven H. Banks, former First Deputy Commissioner and General Counsel of the New York City Office of Labor Relations ("OLR"), and other City officials. *Id*. However that e-mail exchange was written *a month before* the City enacted its Vaccine Mandate on October 2021 (*see Marciano v. De Blasio*, 589 F. Supp. 3d 423, 426 (S.D.N.Y. 2022)), and specifically dealt with Vaccine Mandate applicable to the New York City Department of Education ("DOE") employees, an entirely separate and distinct mandate, which had an entirely separate and distinct review process ("Arbitration Award") established by an Independent Arbitrator. Thus, these emails are wholly irrelevant to this matter.

Furthermore, Plaintiff completely misconstrues Mr. Eichenholtz's deposition testimony. Rather than admitting that Tylenol "was not developed using aborted fetal cell lines," Mr. Eichenholtz testified that although he did not have a specific list of medications that were tested on aborted fetal cell lines, he understood Tylenol to be one of these medications, and that "[t]he original [Tylenol] was not developed using these fetal cell lines, but subsequent testings were." Plaintiff's MFR at 12; ECF Doc. No. 111, Exhibit 3, Eric Eichenholtz Deposition Transcript ("Eichenholtz Deposition") at 154:17-21.

**2) Plaintiff Presents the Same Evidence and Arguments Previously Rejected by the Court**

Furthermore, Plaintiff conflates the concept of "religious verity" with the concept of "sincerity" and claims that the sincerity of her religious beliefs is not in dispute because her religious beliefs were "affirmatively acknowledged by the City's own decisionmakers and witnesses." Plaintiff's MFR at 11. Plaintiff repeats her argument that Jordan Farnham, NYPD's

Executive Director of EEO who reviewed Plaintiff's accommodation request, found that Plaintiff "connected the tenet of her faith that the Church condemns abortion with her objection to the COVID vaccine" and "articulated tenets of her faith." Plaintiff's MFR at 13. However, Plaintiff ignores that Farnham testified that Plaintiff demonstrated in her accommodation request that "she was a Christian and followed the Word as taught in Deuteronomy, and used phrases from the Bible," but there was nothing in that request demonstrating that Plaintiff refused COVID-19 vaccine because of her belief system. Defendant's MSJ at 10. Put simply, there was nothing connecting Plaintiff's "religious beliefs to her life decisions." *Id*. Similarly, Mr. Eichenholtz testified that, "the totality of the circumstances including several references specifically to the Covid vaccine were an attempt [by Plaintiff] to apply a general teaching that had not been practiced." Eichenholtz Deposition at 204:15-22; *See Matos v. Discovery Commc'ns, LLC*, 750 F. Supp. 3d 307, 320 (S.D.N.Y. 2024) ("a plaintiff cannot merely allege that she has 'religious beliefs' which include 'religious practices of non-vaccination,' without providing some detail about what the beliefs are and why vaccination conflicts with them"). This Court clearly considered that issue and found:

> There's testimony in the record that **the city inquired not into the verity of Ms. Chinchilla's beliefs, but into the sincerity of them, which is a different thing**, and which is something that the defendants may inquire about, and whether the vaccination requirement, in fact, conflicted with those beliefs. And these are appropriate inquiries.

Decision at 8 (emphasis added). Plaintiff again presents Jason Saturnin's opinion regarding her religious objection to COVID-19 vaccine and claims that Mr. Saturnin was "the only individual who discussed Plaintiff's request with her was her supervisor," and "who concluded that Plaintiff held a sincere religious objection to receiving the COVID-19 vaccine and recommended that her request be approved." Plaintiff's MFR at 11-12, 20. Plaintiff regurgitates evidence that is

immaterial to this matter since Mr. Saturnin did not review or deny her accommodation request. ECF Doc. No. 103, Defendant's Response to Plaintiff's MSJ ("Defendant's Response") at 18. Plaintiff also repeats her claim that the Citywide panel should have ignored the votes of DCAS and Law, and should have abided by the decision of the New York City Commission on Human Rights ("CCHR"), and once again ignores witness testimony that the whole purpose of the Citywide Panel was to utilize the expertise and three independent opinions of all three City agencies that were selected to serve on the Citywide panel when deciding accommodation appeals. Defendant's Response at 10-11.

Plaintiff further repeats her claim that the City failed to engage in a cooperative dialogue with her. Plaintiff asserts that Farnham "never met Plaintiff and knew nothing about her," and that "[t]he City never made any inquiry regarding Plaintiff's medication history, over-the-counter medication use, or the consistency of her religious practices. No one from the NYPD asked Plaintiff about such matters or instructed her to include such information in her accommodation request." Plaintiff's MFR at 13, 19. However, this Court thoroughly addressed that argument, finding that the NYPD's process of reviewing religious accommodation requests satisfied the NYCHRL's requirements regarding a cooperative dialogue. *Chinchilla v. N.Y.C. Police Dep't*, 2024 U.S. Dist. LEXIS 123248, at *36 (S.D.N.Y. July 12, 2024) (quoting *Marsteller v. City of New York*, 217 A.D.3d 543 (1st Dept. 2023)). In denying Plaintiff's motion for summary judgment, this Court also found that there was "testimony in the record indicating that the city sought to employ a kind of individualized determination in Ms. Chinchilla's case that she argues is appropriate in this context." Decision at 8.

Plaintiff further contends that this Court erred in finding that there was a material issue of fact as to the sincerity of her belief because she did not solely object to the Vaccine

Mandate due to abortion but also believed that "her faith forbids injecting biological substances into her body because doing so would defile her blood," and that "receiving a vaccine would taint the blood." Plaintiff's MFR at 17. However, in contravention to her stated religious beliefs, Plaintiff did not claim in her original accommodation request that she refused to receive other vaccinations, and in her appeal, she again did not mention that she rejected all vaccines. Defendant's MSJ at 5 – 7. During her deposition, Plaintiff confirmed that she did not object to undergoing invasive medical procedures such as medical injections and blood transfusions from other human beings. *Id*. at 8-9. Accordingly, Plaintiff erroneously argues that no reasonable juror could conclude that she acted inconsistently with her religious beliefs and Plaintiff failed to raise any issue of law or fact overlooked by this Court, including any issue that would change the Court's decision.

**B. Defendant Presented Evidence that Permitting Plaintiff to Remain Unvaccinated Posed an Undue Hardship to the City**

Plaintiff's argument that the City failed to produce any evidence as to its defense of undue hardship is unavailing. Plaintiff's MFR at 23. Defendant presented evidence, including Plaintiff's own testimony, showing that employing Plaintiff, who was unvaccinated, would pose a risk to health and safety to its employees and to the public, in light of Plaintiff's duties as a police officer. Decision at 7, Defendant's MSJ at 14-15. Plaintiff testified that when a "recruit class was in effect," as many as 600 to 700 recruits attended training, and that she taught in an enclosed area inside the building. *Id*. Plaintiff also testified that when she was assigned to perform patrol duties, she worked at an extremely busy precinct in the Bronx where an average of 200 uniform officers also worked. *Id*. Plaintiff further testified that when she was assigned to work patrol at protests and special events, she had to stand very close to thousands of protesters. *Id*. This Court clearly

considered Defendant's evidence and arguments and after applying a recent decision in *Chavez v. City of New York*, 2026 U.S. Dist. LEXIS 25309, at *3 (E.D.N.Y. Feb. 6, 2026) found:

> The undue hardship analysis is context-specific, and the Court must consider all relevant factors in the case in hand, including the particular accommodations at issue and their practical impact in light of the nature, size, and operating costs of the employer.

Decision at 6-7. Thus, the Court concluded that there was a dispute of fact as to the reasonableness of the accommodations sought by Plaintiff and as to whether or not it would pose an undue burden on the Defendant. Id. at 5.

For the reasons stated above, Plaintiff cannot prevail on a motion for reconsideration, because she failed to show any controlling decisions or facts that this Court overlooked. *See Castellano v. United States*, 2026 U.S. Dist. LEXIS 2667, at *2 (S.D.N.Y. Jan. 5, 2026) (denying reconsideration motion "because [plaintiff] failed to identify case law or facts that the Court overlooked in rendering the Decision and that would reasonably alter the determination the Court reached during its prior consideration").

**CONCLUSION**

Defendant respectfully requests that the Court deny Plaintiff's motion for reconsideration, with prejudice, and award Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 30, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street
New York, New York 10007
(212) 356-4015
rkreutze@law.nyc.gov

By: */s/ Marina Sukonnik*
Marina Sukonnik
Assistant Corporation Counsel