# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NANCY CHINCHILLA,

Plaintiff,

v. 23 CV 8986 (DEH)

NEW YORK CITY POLICE
DEPARTMENT, et al.,

Telephone Conference

Defendants.

------------------------------x

New York, N.Y.
February 25, 2026
2:30 p.m.

Before:

HON. DALE E. HO,

District Judge

APPEARANCES

MARTINEZ & LOIACONO PLLC
Attorneys for Plaintiff
BY: CHRISTINA MARTINEZ
SUJATA GIBSON

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
BY: MARINA SUKONNIK
Assistant Corporation Counsel

(The Court and all parties present telephonically)

MS. MARTINEZ: Christina Martinez, for the plaintiff, Nancy Chinchilla. Good afternoon, your Honor.

MS. GIBSON: Good afternoon, your Honor. This is Sujata Gibson, and I am here only with Christina Martinez for a short time, just to listen, for the plaintiffs.

MS. SUKONNIK: Marina Sukonnik, Assistant Corporation Counsel, for the defendant.

THE DEPUTY CLERK: Counsel, this is a reminder that this is a public proceeding. Members of the public and press can access the proceeding with a public dial-in number. Please be aware that just as if you were physically present in the courtroom, you are prohibited from recording, rebroadcasting, or disseminating any recording of court proceedings, including this one.

Your Honor.

THE COURT: Good afternoon. We're here on the parties' cross-motions for summary judgment, which are at ECF Nos. 94 and 98. I called this conference so that I can give you an oral ruling on the motions, because I believe that doing so would help expedite this case rather than having you wait around for me to do a kind of more fulsome written opinion.

So here's my ruling:

The cross-motions are both denied. In reaching that

ruling, my reasoning is based largely on the reasoning of a court in the Eastern District of New York, in a decision *Chavez v. City of New York*, Docket No. 23 CV 7754. The decision is at 2026 WL 323019. That is the Eastern District of New York, February 6, 2026. It's a relatively recent decision, but I find that its circumstances are pretty analogous to this one, and that, therefore, this case should get the same result. But I'll walk through my reasoning briefly now.

First, as to the legal standard, as you all know, summary judgment is only appropriate if the movant shows that there's no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law under Rule 56. A genuine factual dispute exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. And, here, both sides are both a movant and a nonmoving party, and I conclude, based on the record before me, that a reasonable jury could return a verdict, based on the record that I've seen, in favor of either party.

As for the elements of the plaintiff's claim, a prima facie case under the relevant City and New York State statutes requires a plaintiff to demonstrate (1) that she has a bona fide religious belief conflicting with an employment requirement; (2) that she informed the employer of this belief; and (3) that she was disciplined for failure to comply with the conflicting employment requirement. And for citations, I'll

cite *Algarin v. New York City Health & Hospitals Corporation*, at 678 F. Supp. 3d 497 (S.D.N.Y. 2023), at pages 512-13, and *Russo v. Patchogue-Medford School District*, 129 F.4th 182 — that's the Second Circuit in 2025 — at pages 185-86.

Here, I'm denying summary judgment for two principal reasons.

The first is that I conclude that there's a dispute of fact as to the first element of the plaintiff's claim, that is, the sincerity of the plaintiff's belief, and because there's a dispute of fact on that, that precludes summary judgment for either party.

The Second Circuit has stated that the sincerity analysis seeks to determine an adherence good faith in the expression of her religious beliefs. That's in a case *Gardner-Alfred v. Fed. Rsrv. Bank of N.Y.*, at 143 F.4th 51 (2d Cir. 2025), at page 63.

Now, here, in this case, there is some evidence that contradicts or demonstrates inconsistencies in the plaintiff's expressed religious views regarding the views of fetal cells in medication. Now, the city argues that this evidence on such inconsistencies entitles the city to summary judgment on the issue of sincerity of belief, and the city cites a district court decision, the district court decision in *Gardner-Alfred*, the Second Circuit case that I just mentioned — that's Docket No. 22 CV 1585 — with a decision at 2023 WL 6214863

(S.D.N.Y. Sept. 25, 2023).

Now, it's true — and the city is correct — that the district court opinion there supports the city's position, but it was overruled last year by the Second Circuit in the citation that I listed previously. I'm just going to note for the record that no party appears to have filed a notice of supplemental authority pointing this out to the Court, but I did find the opinion, and in reversing the district court's decision, the Second Circuit explained that "evidence of a plaintiff's potentially inconsistent behavior is, at best, impeachment evidence that a jury could rely on to discredit the plaintiff's testimony, but it is not, in and of itself, sufficient to support a grant of summary judgment, because at this stage of proceedings, the court may not make credibility determinations or weigh the evidence." That's at pages 63-64 of the Second Circuit's decision.

So, at this stage, while there is some evidence of inconsistencies in Ms. Chinchilla's beliefs or her behavior with respect to her professed beliefs, that simply creates an issue of fact, which I can't resolve on summary judgment and must be resolved at trial.

The second reason that I'm denying summary judgment is because I conclude that there is a dispute of fact as to the reasonableness of the accommodations sought by Ms. Chinchilla and whether or not it would pose an undue burden on the

defendants. As you all know, an employer may escape liability under these statutes by showing that a plaintiff's requested accommodation would cause an undue hardship, meaning that the burden of accommodation is substantial in the overall conduct of the defendant's operations. And that's the upshot of the Supreme Court's decision in *Groff v. DeJoy*, 600 U.S. 447, in 2023, at page 472. And my understanding is that analysis also applies to the city and state laws at issue here.

Here, I'm going to first start out by rejecting the plaintiff's argument that the defendants were required to affirmatively plead undue hardship in their answer. Courts in the Second Circuit have considered whether undue hardship must be pled as an affirmative defense under the ADA and the New York City Human Rights Law, and have determined that it does not. And for that, I'll cite the case *Gorbea v. Verizon New York, Inc.*, Docket No. 11 CV 3758, decision at 2014 WL 2916964, (E.D.N.Y June 25, 2014).

So the defendants were required to affirmatively plead the defense, but I can't find in the defendants favor based on the record that I have before me on that defense because the undue hardship analysis is context-specific, and the Court must consider all relevant factors in the case in hand, including the particular accommodations at issue and their practical impact in light of the nature, size, and operating costs of the employer. And, again, that's the Supreme Court's decision in

*Groff*, at page -- this time at page 470.

Now, here, in this case, as in the Eastern District of New York decision that I cited at the beginning, *Chavez*, the defendants rely on general assertions of health and safety risks to employees and individuals who would interact with the unvaccinated plaintiff employee. But on the record before me, the defendants haven't established, as a matter of law, that is, that there was no genuine factual dispute that accommodations that the plaintiff is requesting here, such as masking and weekly testing, would have been insufficient to accomplish those goals or would lead to substantial costs. So I can't find for the defendants on this issue at this stage. There's an issue of fact, which, again, must be resolved for trial.

One moment.

(Pause)

THE COURT: Before concluding, I just want to address three arguments that the plaintiff has raised as to whether or not the city's policies amount to a violation *per se* of the New York State and New York City Human Rights Laws, and I will address those three arguments in turn.

The first is that the plaintiff argues that the undisputed facts show that the city employed an unlawful consistency test. I reject that argument for two reasons.

First, I don't, as a matter of law, see case law

holding that there is a prohibition on employers attempting to determine whether an employee's beliefs are sincere by asking questions meant to elicit if they are consistent.

And, second, as a factual matter, even if there were such a prohibition on such inquiries, it's disputed here whether the city even engaged in one, as there's testimony in the record indicating that the city sought to employ a kind of individualized determination in Ms. Chinchilla's case that she argues is appropriate in this context.

The second argument the plaintiff makes is that the undisputed facts show that the city employed an unlawful verity test. I reject that argument as well. There's testimony in the record that the city inquired not into the verity of Ms. Chinchilla's beliefs, but into the sincerity of them, which is a different thing, and which is something that the defendants may inquire about, and whether the vaccination requirement, in fact, conflicted with those beliefs. And these are appropriate inquiries.

So there's at least a dispute on this issue that -- there's at least a dispute of fact on this issue as to whether or not this test was a sincerity test or a verity test, which must be resolved at trial.

And then, third, the plaintiff argues that the undisputed facts show that the city applied an unlawful centrality objection, and I reject this argument because the

plaintiff's argument confuses the sincerity inquiry, which is appropriate here, with a centrality inquiry. As explained below, the testimony in the record indicates that the city inquired not about the centrality of plaintiff's stated beliefs, but simply whether she was sincere about them and whether the mandate for vaccination conflicted with those beliefs. And I conclude that this case is different from *Kane v. de Blasio*, which the plaintiff cites, at 19 F.4th 152 (2d Cir. 2021), because there, the city relies on evidence that compared the plaintiff's beliefs to other members of her faith and those of her religious organization itself. That's the centrality inquiry that's not appropriate in this context. But that's not what happened here. There's no comparison of Ms. Chinchilla to other members of her faith or attendants of her faith generally, but simply an inquiry as to whether or not she sincerely believed them.

So that's where I come out. As I said, I'm giving you this oral ruling, and you can get a transcript, if you want, just so that we can move this along faster rather than waiting for me to produce something written. I didn't think that writing something would change the analysis once I had reached my conclusion. But, this way, you know where things stand. If you want to try to settle the case, you can, or if you want to go to trial, we can get there more quickly.

What I will direct you to do, as far as next steps, is

to meet and confer within the next seven days, and then within seven days after that — so 14 days from now — submit a status letter to the Court indicating, first, whether you seek a referral for settlement, either for a settlement conference before the assigned magistrate judge or to the district's mediation program, and then your mutual availability for trial during the months of July, August, and October — not September, because I'm not available then, but for those three months — along with an estimate for the length of trial, and then, also, clarification on whether or not a jury is demanded here. I think there is, but I just want you to confirm that on the record via status letter.

So that's where I am. Are there any questions about next steps in the case?

I'll start with counsel for plaintiff.

MS. MARTINEZ: No, your Honor. Thank you.

THE COURT: Counsel for the city?

MS. SUKONNIK: No, your Honor. Thank you.

THE COURT: Okay.

Is there anything else you'd like to raise with me before we adjourn for the day?

Counsel for plaintiff?

MS. MARTINEZ: No, your Honor.

THE COURT: Counsel for the city?

MS. SUKONNIK: No, your Honor.

THE COURT: Okay. Thank you. I look forward to receiving your status letter within the next two weeks.

Take care, and we're adjourned.

COUNSEL: Thank you.

(Adjourned)